**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ANNE GARDETTO,

      Plaintiff-Appellant,

v.

ROY B. MASON, individually and in
his official capacity; EASTERN
WYOMING COLLEGE,

      Defendants-Appellees.

No. 98-8025
(D. Wyo.)
(D.Ct. No. 93-CV-328-B)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, LUCERO** and **WEST**,[**] Circuit Judges.

_____

Ann Gardetto appeals the district court's admission of evidence in her civil

rights suit against Eastern Wyoming College (the college) and Roy Mason. She

contends evidence concerning her acts of rude and abrasive behavior was

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Lee R. West, Senior United States District Judge for the
Western District of Oklahoma, sitting by designation.

improperly admitted in her suit against the college for the violation of her First Amendment rights of free speech and free association.

This appeal arises out of a judgment rendered after retrial pursuant to a reversal by this court in *Gardetto v. Mason*, 100 F.3d 803 (10th Cir. 1996.) In that case, Ms. Gardetto brought federal civil rights claims against her employer, Eastern Wyoming College and her supervisor, Mr. Roy Mason, pursuant to 42 U.S.C. § 1983. She claimed she was demoted and suspended for eleven days with pay in retaliation for her constitutionally protected public criticism of Mr. Mason and the policies of the college. She also brought claims under Wyoming law for defamation against Mr. Mason and against the college for breach of good faith and fair dealing. The jury returned a verdict in favor of Ms. Gardetto on the defamation claim, but found she had failed to prove damages resulting from the defamation. The jury returned a verdict in favor of the defendants on the duty of good faith and fair dealing claim and on the First Amendment claims. After receiving the verdict, Ms. Gardetto appealed to this court, claiming the trial court gave incorrect jury instructions and further erred by admitting evidence of her rude and abrasive behavior. This court concluded the jury instructions were improper because they allowed the jury to determine whether the speech in question was protected by the First Amendment. Because this court vacated the

decision and remanded for a new trial based on the erroneous jury instructions, we did not address the evidentiary ground for appeal. *See id*. at 807-08, 818.

Prior to the second trial, Ms. Gardetto filed a motion in limine to exclude testimony concerning alleged verbal confrontations with a variety of persons both before and after the original case was tried. Her request was denied. The jury once again returned a verdict for the defense on the First Amendment issues. Ms. Gardetto now appeals that ruling and contends the trial court erred by admitting evidence of her behavior both before and after the first trial. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

The background of this case is fully set forth in our prior opinion, *Gardetto,* 100 F.3d at 808-10. The facts pertinent to this appeal are summarized as follows.

Ms. Gardetto began working for the college in 1974 as the Minority and Community Counselor. She was eventually promoted to Director of Non-Traditional Student Services/Special Services. In that position, she developed programs designed to provide support and guidance to adult students and

supervised twelve peer counselors and four staff members at the Adult Reentry Center. When Mr. Mason first became the president of Eastern Wyoming College in 1990, he found Ms. Gardetto's work praiseworthy. However, his opinion of Ms. Gardetto's performance changed, and in April 1993, Ms. Gardetto was demoted and her staff was taken away. In May 1993 she was suspended for eleven days with pay. Ms. Gardetto filed suit against Mr. Mason and the college claiming these actions had been taken against her in retaliation for her criticisms of Mr. Mason and the college in violation of her constitutionally protected right to free speech.

Ms. Gardetto asserted she was suspended in retaliation for the following instances of the exercise of her right to free speech: (1) Ms. Gardetto spoke out against a program instituted by the college's Board of Trustees to reduce the work force of the college; (2) she opposed the termination of a fellow employee at the Adult Reentry Center under the reduction in work force program; (3) she supported three outside candidates for positions on the Board of Trustees; (4) she expressed her criticism of the Center's reorganization to Dr. Gonzales, a guest speaker at the college; (5) she accused Mr. Mason of holding himself out as a Ph.D. when he had not obtained that degree; (6) she called for a vote of "no confidence" in Mr. Mason by the faculty association.

In the prior appeal, we determined that four of the six asserted incidents of speech were entitled to First Amendment protection [1] and concluded the trial court erred by allowing the jury to determine which of these speech incidents were protected by the First Amendment. *Gardetto*, 100 F.3d at 815-16, 818. [2] Accordingly, we vacated the judgment below and remanded for a new trial on Ms. Gardetto's First Amendment claims.

Before the second trial, Ms. Gardetto filed a motion in limine seeking to exclude evidence of her abrasive attitude and poor ability to work with others. Ms. Gardetto argued this evidence was only being offered to attack her character,

---

[1] Applying the four-step test derived from *Pickering v. Board of Educ.*, 391 U.S. 563(1968), and *Connick v. Myers*, 461 U.S. 138 (1983), we concluded Ms. Gardetto's criticism of the reduction in force policy to Dr. Gonzales and her criticism of the decision to terminate a fellow employee were not matters of public concern and thus, not protected speech. *Gardetto*, 100 F.3d at 812, 814-15. The remaining instances of speech were determined to involve matters of public concern, and, because the college presented no evidence that these incidents created any disruption to the services of the college, we concluded they were protected under the First Amendment. *Id.* at 815-16 (balancing the interest of the employee in commenting on the matter against the employer's interest in the efficiency of its services as mandated by *Pickering,* 391 U.S. 563 (1968)).

[2] The jury was asked to determine whether the "protected" speech motivated the defendants in taking action against Ms. Gardetto. Because the jury was implicitly invited to determine which instances of speech were protected by the First Amendment, a matter of law, it was impossible to ascertain whether the jury had concluded the speech was not entitled to First Amendment protection or whether the jury determined the protected speech had not motivated the defendants to take action against Ms. Gardetto. *Gardetto*, 100 F.3d at 817-18.

was not relevant to the First Amendment question and was therefore inadmissible under Federal Rules of Evidence 402. She also argued the evidence was more prejudicial than probative and should be excluded under Fed. R. Evid. 403. After hearing argument on the motion, the district court determined the evidence of her post-suspension behavior was relevant in light of Ms. Gardetto's contention the administration had continued to take retributive action against her following the first trial by deciding to leave her in her present position without secretarial support. As to the evidence of her behavior prior to the suspension, the court referred to a footnote in our previous opinion in this case and concluded this court had resolved the admissibility issue by indicating that the jury might find the evidence relevant in determining whether the defendants would have reached the same decision in the absence of the protected speech.

At the trial, the defense presented witnesses who testified Ms. Gardetto was a difficult person with whom to work and gave specific examples of her rude and abrasive behavior on numerous occasions both before and after the first trial. In addition, Mr. Mason testified he suspended Ms. Gardetto because she had acted in violation of the college's policies and against his directions when she applied for a grant to support the Adult Reentry Center without first obtaining his signature on the application, and when she failed to try to find grant money for another

employee at the Center. He testified that her act of insubordination was the final act that triggered his decision to take action against Ms. Gardetto, but that this action had been taken in light of her history of behavior as an employee. Mr. Mason testified he was aware of her history of conflicts with other staff members and had received complaints concerning her behavior by staff members and by her supervisors. He had contemplated either suspending or dismissing her in the past and had warned her many times to change her behavior. The defendants also presented evidence that the members of the Board of Directors had been aware of Ms. Gardetto's behavior problems and had taken them into consideration in deciding to support the suspension.

The jury once again returned a verdict in favor of the defense. Ms. Gardetto appeals the evidentiary ruling of the court and asks for a new trial.

## II. WAIVER AND STANDARD OF REVIEW

The defendants contend Ms. Gardetto's evidentiary objections were not preserved on appeal because she failed to make contemporaneous objections to the admission of this evidence. Ms. Gardetto contends her motion in limine was sufficient to preserve these issues for appellate review because the court ruled the evidence was admissible as a matter of law.

A. Objections

Although several witnesses testified concerning her rude behavior and conflicts with others, the record on appeal reveals Ms. Gardetto only made contemporaneous objections to the relevancy of Mr. Guido Smith's testimony. The court overruled Ms. Gardetto's particular objection to the testimony of Mr. Guido Smith, the former president of the college, concerning the means she used to contact Mr. Smith following her misuse of the college's postage meter to send political literature. Ms. Gardetto also objected to the relevancy of Mr. Smith's testimony concerning a dispute between Ms. Gardetto and another employee, Ms. Kathy France. The court overruled this objection, but allowed Ms. Gardetto a continuing objection to the relevancy of Mr. Smith's testimony concerning the dispute with Ms. France. Ms. Gardetto failed to make any objections based on Fed. R. Evid. 403, [3] which allows the trial court to exclude evidence that is unfairly prejudicial.

---

[3] Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

B. Standards

We generally review a district court's decision to admit or exclude evidence for abuse of discretion. *McCue v. Kansas Dep't. of Human Resources,* 165 F.3d 784, 788 (10th Cir. 1999). Under that standard, we will not reverse the district court's decision and grant a new trial unless we are convinced the court "made a clear error of judgement or exceeded the bounds of permissible choice in the circumstances," *Pandit v. American Honda Motor Co.*, 82 F.3d 376, 379 (10th Cir. 1996) (quotations marks and citations omitted), and we conclude the complaining party's substantial rights were affected. *Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1246 (10th Cir.1998), *cert. denied,* 119 S. Ct. 1253 (1999). However, in the absence of a contemporaneous objection to the admission of evidence, we apply an even more strenuous standard, and review for plain error only. Fed. R. Evid. 103(d). [4] In civil cases, "'[t]he "plain error" exception ... has

---

[4] Rule 103 provides in pertinent part:

    (a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

        (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

    ....

been limited to errors which seriously affect "the fairness, integrity or public reputation of judicial proceedings."'" *Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404, 1408 (10th Cir. 1991) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1545 (10th Cir.1991)). The error must amount to a "'miscarriage of justice' [and] must be 'patently plainly erroneous and prejudicial.'" *Polys,* 941 F.2d at 1408 (quoting *Aspen Highlands Skiing Corp. v. Aspen Skiing Co.*, 738 F.2d 1509, 1516 (10th Cir.1984), *aff'd*, 472 U.S. 585 (1985)).

C. Effect of the Motion in Limine on the Preservation of the Issues and Standard of Review.

A motion in limine is sufficient to preserve an objection to the admission of evidence, and thereby avoid application of the narrow, plain error standard of review, only if a three part test is satisfied. *Pandit*, 82 F.3d at 380 (citing *Green Constr. Co. v. Kansas Power & Light Co.*, 1. F.3d 1005, 1013 (10th Cir. 1993)). "To overcome the claim of waiver for failure to contemporaneously object, we must satisfy ourselves that (1) the matter was adequately presented to the district court; (2) the issue was of a type that can be finally decided prior to trial; and (3)

---

(d) Plain error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

Fed. R. Evid. 103.

the court's ruling was definitive." *Id*.; *see also United States v. Mejia-Alarcon*, 995 F.2d 982, 987-88 (10th Cir.) (establishing the rule), *cert. denied*, 510 U.S. 927 (1993). Because the issues of relevancy and prejudicial effect of the evidence were not of the type that could be finally decided prior to trial, we conclude the motion in limine was not sufficient to preserve the objections not raised at trial.

        1. Sufficiency of the Motion in Limine to Preserve the Objections Based on Relevancy.

First, Ms. Gardetto's objection as to the relevancy of the evidence of her rude and unprofessional behavior did not raise an issue that was of the type that could be finally decided prior to the trial. Fed. R. Evid. 401 provides: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The relevancy of each piece of evidence concerning Ms. Gardetto's behavior was contingent upon other facts produced at trial concerning damages and the reasons for the actions taken against Ms. Gardetto. Only after hearing these facts, as introduced at trial, could the trial court make an informed decision as to the relevancy of Ms. Gardetto's unprofessional acts. For example, Mr. Mason testified that he was aware of conflicts between Ms. Gardetto and other staff members, and that he had taken

these conflicts into consideration when he decided to suspend Ms. Gardetto. Mr. Mason testified that he knew about a particular conflict between Ms. Gardetto and Ms. Lynnea Bartlett. Ms. Bartlett testified concerning her conflict with Ms. Gardetto. The relevancy of this testimony to the issue of whether Ms. Gardetto had been suspended in violation of her Constitutional rights was apparent only after Mr. Mason testified he knew about this conflict and had taken Ms. Gardetto's conflicts with other staff members into consideration when he decided to suspend Ms. Gardetto. Thus, it was not the type of issue that could have been finally decided prior to trial. Therefore, except for the relevancy of Mr. Smith's testimony, which we review for abuse of discretion because Ms. Gardetto made a contemporaneous objection to that testimony, we review the court's determination as to the relevancy of the evidence of Ms. Gardetto's acts of rude and unprofessional behavior for plain error only.

> 2. Sufficiency of the Motion in Limine to Preserve the Rule 403 Objection.

Second, Ms. Gardetto's motion in limine did not preserve her objection concerning the prejudicial nature of the evidence. Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence." When the court performs the balancing test under Rule 403, the admissibility of the evidence depends on the specific facts adduced at trial and upon the context of those facts at trial. The balancing of the probative value and prejudicial effect of the evidence can only be properly performed after the trial court assesses the evidence introduced in the trial prior to its admission. See *Mejia-Alarcon*, 995 F.2d at 987-88 & n.2; *Green Constr. Co.*, 1. F.3d at 1013. Thus, this issue was not one that could be finally decided prior to trial and the motion was not sufficient to preserve it on appeal.

        D. Conclusion.

Because the court was unable to properly assess the relevancy and the prejudicial effect of the evidence of Ms. Gardetto's rude and unprofessional behavior prior to trial, these issues were not of the type that could be fairly decided prior to trial and were not preserved by the motion in limine. Thus, even if Ms. Gardetto was correct in her belief that the court was ruling on the admission of the evidence of her rude and unprofessional behavior as a matter of law, making the ruling definitive, she nevertheless should have objected when the evidence was introduced because the issue did not satisfy the second inquiry set forth in *Pandit*. As most objections are dependent upon the trial context, and are waived if not renewed, we again strongly suggest counsel renew all objections

-13-

when the evidence is introduced.  *Mejia-Alarcon*, 995 F.2d at 988. [5]  Because the

motion in limine did not preserve the objections to the evidence based on Rules

402 and 403, we review the admission of the evidence of her rude and abrasive

behavior for plain error only.  Because Ms. Gardetto contemporaneously objected

to the relevancy of Mr. Smith's testimony, we review the court's determination

concerning the relevancy of Mr. Smith's testimony under the abuse of discretion

standard.


## III.  ADMISSION OF THE EVIDENCE

Having determined the proper standards of review over the alleged

evidentiary errors, we now turn to our substantive analysis of the court's

introduction of the evidence of Ms. Gardetto's rude and abrasive behavior.  Ms.

---

[5]  We note Ms. Gardetto's counsel failed to make a continuing objection to the behavior evidence as a whole.  Under some circumstances, a continuing objection will preserve an issue for appeal even though there was no contemporaneous objection.  However, we have held a standing objection is not normally sufficient to preserve for appeal an objection to evidence based on Fed. R. Evid. 403.  *United States v. Mangiameli*, 668 F.2d 1172, 1177 (10th Cir.), *cert. denied*, 456 U.S. 918 (1982).  *See also K-B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1155, n.8 (1985) (recognizing the rule as set forth in *Mangiameli*).  *But see United States v. McVeigh,* 153 F.3d 1166, 1199-1200 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1148 (1999) (because the continuing objection under Rule 403 was specifically granted, the court allowed McVeigh to rely upon it in the interest of fairness, but noted "continuing objections generally are considered inappropriate for preserving error on appeal under Rule 403" and held that the *Mejia-Alarcon* test applied to continuing objections), *holding limited by United States v. Lazcano-Villalobos*, 175 F.3d 838, 847 (10th Cir. 1999).

Gardetto contends the court erred by failing to independently assess the admissibility of the evidence. She further contends the evidence was admitted only to attack her character, and thus was not relevant to any material issue in the case, was more prejudicial than probative, and was admitted in contravention of the Rules of Evidence.

Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible," except as limited by the Federal Rules and other laws. Fed. R. Evid. 402. "Evidence which is not relevant is not admissible." *Id*.

> Thus, the threshold to admissibility is relevance. The scope of relevancy is bounded only by the liberal standard of Rule 401, which provides that evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. As commentators have noted, Rule 401's definition of relevancy incorporates notions of both materiality and probativity.
>
> As for materiality, under Rule 401 a fact is "of consequence" when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict.

*McVeigh,* 153 F.3d at 1190 (quotation marks and citation omitted). Only a minimal degree of probability is required. *Id*. The evidence is sufficiently probative if it tends to show the existence of the asserted fact is "more ... – probable than it would be without the evidence." *Id*. (quotation marks and citations omitted.) Even if the evidence meets the relevancy standard under Rule

401, and is thus tentatively admissible under Rule 402, Rule 403 allows the court to exclude the evidence if it determines "its probative value is substantially outweighed" by other factors. Fed. R. Evid. 403. Those factors include the "danger of unfair prejudice," "confusion of the issues," and "misleading the jury." *Id.*

A. Reliance on the Previous Opinion.

Ms. Gardetto first contends the court erroneously relied upon language in the previous appeal and committed reversible error by abrogating its responsibility to independently determine whether the evidence concerning her rude behavior was relevant and to determine if it should be excluded under Fed. R. Evid. 403.

In ruling on the motion in limine, the court stated: "I think the evidence is admissible and that the Tenth Circuit has so ruled and I have no alternative but to follow its ruling." The court was referring to a footnote in our previous opinion where we stated: "Of course, the jury may find such evidence relevant in determining whether the defendants would have reached the same decision in the absence of the protected speech." *Gardetto*, 100 F.3d at 816, n.2. Although this comment seems to indicate this court considered the relevancy of the evidence to

the defense, when read in the context of the opinion, it is clear this court was not ruling on the relevancy of the evidence under Rule 401 or its admissibility under Rule 403. [6]  Although Ms. Gardetto raised the issues of the relevancy of the evidence and its prejudicial effect in the prior appeal, we twice clearly stated we were not ruling on the admissibility of the evidence in our previous opinion.  *Id.* at 808, 818.  Finally, it would have been impossible for this court to have made any ruling on either the relevancy or the prejudicial effect of the evidence of Ms. Gardetto's rude and abrasive behavior that occurred after the first trial.  Thus, we conclude the trial court misinterpreted this footnote as a ruling on the admissibility of the evidence and erred by failing to independently assess the relevancy of the proffered evidence and by failing to compare the probative value of the evidence against its prejudicial effect under Rule 403.  However, this does not end our inquiry.

Even though the court erred by failing to independently assess the

---

[6] In concluding the defendants had not shown the four occurrences of protected speech were so disruptive as to justify Ms. Gardetto's termination under the second step of the *Pickering/Connick* test, this court noted the incidents of her rude and abrasive behavior were not connected to the four instances of protected speech.  *Id.* at 816.  This was the context in which Judge Tacha noted in footnote 2 that the jury might, nevertheless, find the incidents of rude behavior relevant in determining the actual reason for her termination.  *Id.* at 816, n.2.

admissibility of the evidence, to warrant reversal under the plain error standard we must determine whether the error resulted in a miscarriage of justice. *Polys,* 941 F.2d at 1408. To warrant reversal under the abuse of discretion standard, which we apply to the testimony of Mr. Smith, we must determine whether the error affected Ms. Gardetto's substantial rights. *Webb*, 155 F.3d at 1246. We conclude reversal is not warranted.

### B. Relevancy

Ms. Gardetto contends the court erred by admitting the evidence of her behavior because it was not relevant to any material issue in the case. Ms. Gardetto's argument concerning the relevancy of the evidence fails because the evidence of her behavior was relevant to the only issues remaining in the case on retrial.

In a First Amendment retaliation case, after the court has determined the speech involves a matter of public concern and the employee's interest in making the speech outweighs the employer's interest in preventing disruption of its public service under the *Pickering/Connick* test, the employee must show that the constitutionally protected conduct or speech "was a substantial factor or a motivating factor" in the employer's decision to take the detrimental action

against the employee. *Gardetto*, 100 F.3d at 811 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). The burden is then placed upon the employer to show "'by a preponderance of evidence that it would have reached the same decision ... even in the absence of the protected conduct.'" *Gardetto*, 100 F.3d 15 811 (quoting *Mt. Healthy*, 429 U.S. at 287.) In the prior appeal, we determined four of the speech incidents were matters of public concern, and, because the defendants had failed to show any evidence of disruption resulting from those instances of protected speech, the balance of interests tipped in favor of Ms. Gardetto. *Gardetto*, 100 F.3d at 815-16. Consequently, the central issues remaining in the second trial were whether the defendants had taken action against Ms. Gardetto in retaliation for her protected speech, if such action would have been taken in the absence of that speech, and the nature and extent of her damages.

The defense contended Ms. Gardetto was not suspended in retaliation for her constitutionally protected speech and activities. They argued she was suspended as appropriate discipline for her insubordination and neglect of duty related to her submission of a grant application without Mr. Mason's signature and her failure to apply for grant monies to fund another employee's position at the Center. The defense presented evidence that Ms. Gardetto's suspension was

triggered by the grant incident, but her history of uncooperative, rude and disruptive behavior was taken into consideration when the decision to suspend her was made.  The evidence of her rude and abrasive behavior prior to the suspension was therefore relevant to the issues of whether her protected speech was the substantial factor in the decision to take disciplinary action against her, and whether these actions would have been taken in the absence of her speech.

Furthermore, Ms. Gardetto made the evidence of her unprofessional and rude behavior a material issue in the case by claiming damage to her professional reputation resulting from the continuing retributive actions taken against her by the administration prior to the second trial.  She claimed she was being treated like a "pariah" at the college because she had been given work assignments without adequate staff and her accomplishments and ideas were ignored by the administration.  She claimed these retributive activities continued up to the time of the second trial, and that she had been, and remained, isolated and "cast into operational outer darkness."  Although the defamation claim was no longer a part of the case on retrial, Ms. Gardetto's claim for damages remained essentially reputational.  She claimed her professional reputation was tarnished as a result of the retributive actions taken against her both before and after the first trial.  Thus, the evidence concerning her abrasive behavior towards the members of the faculty

and community both before and after the first trial was highly relevant to her claim that her reputation had been damaged among those groups. Accordingly, Ms. Gardetto did not suffer a miscarriage of justice and the court did not commit plain error by failing to exclude this evidence under Rule 402.

Likewise, the court did not abuse its discretion by overruling Ms. Gardetto's relevancy objections to Mr. Smith's testimony. Mr. Smith testified concerning incidents that took place several years prior to the first trial, when he was president of the college. Mr. Smith testified the Board of Directors instructed him to write a letter of discipline to Ms. Gardetto for using the college's postage meter to mail political literature. Ms. Gardetto objected to the relevancy of his testimony concerning the manner in which Ms. Gardetto attempted to contact him concerning this incident. The court overruled this objection, and Mr. Smith was allowed to testify that Ms. Gardetto had convinced a neighbor to let her into Ms. Smith's house so she could leave him a note asking him to contact Ms. Gardetto about the incident.

Ms. Gardetto also objected to Mr. Smith's testimony relating to a conflict between Ms. Gardetto and Ms. France, the director of computer services. The court overruled this objection as well, but allowed her a continuing objection. In

overruling her objection, the court noted Ms. Gardetto had introduced evidence of this conflict during her examination of Mr. Mason. Ms. Gardetto asserted she had only asked Mr. Mason if this conflict had anything to do with the suspension. According to Mr. Smith's testimony, the conflict with Ms. France centered on Ms. Gardetto's use of the computer in the resource center. Ms. Gardetto went to Mr. Smith's house to complain about Ms. France and referred to her in vulgar terms. Mr. Smith attempted to mediate the dispute at a meeting with Ms. Gardetto, Ms. France, Mr. Marsh, who was Ms. Gardetto's supervisor at that time, and Larry Dodge, Ms. France's supervisor. Ms. Gardetto became "very emotional" at that meeting and accused Mr. Smith of supporting Ms. France. Mr. Smith asked Ms. France to repair the situation immediately and told Ms. Gardetto to apologize to Ms. France for calling her a liar. Ms. Gardetto slammed the door when she left the meeting.

Mr. Smith's testimony concerning the postage meter incident was relevant to the issue of damages. Ms. Gardetto was claiming damage to her professional reputation among her colleagues. Mr. Smith's testimony concerning her behavior at the mediation meeting served to illustrate the defense's contention that Ms. Gardetto did not have a good professional reputation among her colleagues prior to her suspension. The evidence concerning Ms. Gardetto's conflict with Ms.

-22-

France was likewise relevant to the damages issue. Mr. Smith's testimony about the postage meter incident was also relevant to the defense's contention that they had not suspended Ms. Gardetto in retaliation for the exercise of her First Amendment rights, but had suspended her, in part, due to her history of unprofessional behavior. Although the testimony concerning the manner in which Ms. Gardetto chose to contact Mr. Mason about the postage meter incident, standing alone, was less relevant to the material issues in the case than was the fact that the incident occurred, in light of the abundance of other relevant evidence at trial concerning Ms. Gardetto's abrasive and unprofessional behavior, we do not conclude Ms. Gardetto's substantial rights were affected by the introduction of the evidence concerning the manner she used to contact Ms. Mason about the postage meter incident. We conclude the trial court did not abuse its discretion by overruling Ms. Gardetto's objection to this evidence based on relevancy.

C. Prejudicial Effect of the Evidence

Ms. Gardetto contends the court erred by admitting the evidence of her rude and abrasive behavior because its probative value was outweighed by its prejudicial effect and should have been excluded pursuant to Rule 403. As discussed above, the trial court erred by failing to conduct the balancing test

under Rule 403. In cases where the court has overruled an objection based on Rule 403 but has failed to explicitly set forth its reasons for doing so, we have "authority to conduct a *de novo* balancing where the trial court failed to make explicit findings to support a Rule 403 ruling." *Lazcano-Villalobos*, 175 F.3d 838, 846-47 (10th Cir. 1999). However, in the present case, because the court relied upon our prior opinion to determine the evidence was admissible, it simply did not conduct the balancing test under Rule 403. Thus, this is not an obvious case in which we may reweigh the evidence *de novo* to determine whether the trial court was correct in its assessment. *Cf. Lazcano-Villalobos*, 175 F.3d at 847 (where the court noted the district court record "sheds sufficient light on how the district court viewed the evidence" and concluded the district court "must have implicitly made a Rule 403 finding when it contemplated [the defendant's] unfair prejudice and probative value argument.") Furthermore, because the motion in limine did not preserve her Rule 403 objection to the evidence, and because Ms. Gardetto never renewed her objection to the admission of the evidence under Rule 403, we review the trial court's decision to admit the evidence under the plain error standard. *See* Fed. R. Evid. 103(d). Although the evidence was allegedly prejudicial and the court erred by failing to conduct the balancing test required by Rule 403, we cannot say the error seriously affected the integrity or fairness of the proceedings. Considering the probative value of the evidence on the central

issues of the case, we conclude the prejudicial effect of the introduction of the evidence was not such that it resulted in a miscarriage of justice. [7]

Ms. Gardetto has failed to show the evidentiary errors entitle her to a new trial. **AFFIRMED** .

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[7] In addition to her argument that the evidence was admitted contrary to Fed. R. Evid. 401 and 403, Ms Gardetto further suggests, without elaboration, it was admitted in contravention of Fed. R. Evid. 604 and 608. We fail to see how these rules apply to the present case and will not rule on issues. See *United States v. Hardwell*, 80 F.3d 1471, 1492 (an issue is waived when the party asserting it fails "to make any argument or cite any authority to support his assertion.").